Derek Thompson, SBN 350736
dthompson@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Drive, Suite 200
Westlake Village, CA  91361
Telephone: (805) 373-5900
Facsimile:  (818) 874-1382

Attorneys for Plaintiff,
PAUL SONICO

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PAUL SONICO,

                Plaintiff,

       vs.

CITY OF BRAWLEY, a public agency and/or municipal corporation; JOHN TANG, individually and as Commander; SHIRLEY BONILLAS, individually and as Human Resources Administrator and DOES 1 THROUGH 10,

                Defendants.

Case No.: **'25CV0515 BEN MMP**

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## I.    PREFACTORY

All allegations in this Complaint are based upon information and belief, except for those allegations which pertain to the Plaintiff named herein and its counsel. Plaintiff's information and belief are based upon; inter alia, the investigation conducted to date by Plaintiff and its counsel. Each allegation in this complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for investigation and discovery.

## II.    JURISDICTION AND VENUE

1.    This case is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343(3). The Court also has pendent jurisdiction over the state claims, and supplemental jurisdiction over all Defendants herein.

1

COMPLAINT

2.      Venue is proper in the Southern District of California pursuant to 28 U.S.C. §1391(b)(2), because the acts, events, or omissions giving rise to the claim occurred in the County of Imperial, California.

### III.    PARTIES

3.      PAUL SONICO ("Plaintiff") is, and at all relevant times unless otherwise mentioned herein was, employed by Defendant the CITY OF BRAWLEY in the capacity as a City of Brawley Police Department Police Officer.

4.      As such he is entitled to the benefits and protections of the Police Officer Bill of Rights Act (POBR), as well as substantive and procedural due process.

5.      At all times relevant to the allegations contained herein, Plaintiff has been a resident of Imperial County.

6.      At all times relevant to the allegations herein, Defendant CITY OF BRAWLEY ("Defendant" or "CITY") was a duly constituted public agency operating under the laws of the State of California, wholly situated in the Imperial County.  The City of Brawley Police Department (hereinafter "Department") is an operating Police Department of the CITY and a public agency of the CITY. The CITY adopted and ratified each of its decisions as alleged herein as its own policies, customs, practices or decisions, as if the same had been promulgated directly by the City.

7.      At all times relevant to the allegations herein, Defendant JOHN TANG ("TANG") was Commander employed by the Defendant CITY and the Department and was acting within the course and scope of his employment and was acting under the color of law.

8.      At all times relevant to the allegations herein, Defendant SHIRLY BONILLAS ("BONILLAS") as a Human Resources Administrator employed by the Defendant CITY, and was acting within the course and scope of his employment.

### IV.    DOE ALLEGATIONS

9.      Defendants DOES 1 through 10 are not known or identified at this time.  On information and belief, Plaintiff alleges that each DOE is in some manner responsible for the

2

COMPLAINT

wrongs alleged herein, and that each such Defendant advised, encouraged, participated in, ratified, directed, or conspired to do, the wrongful acts alleged herein.  When the true names and capacities of said Defendants become known.

10.    Plaintiff will seek relief to amend this Complaint to show their true identities in place of their fictitious names as DOES 1 through 10.  Defendants, and each of them, were the agents, employees and servants of every other Defendant. Defendants acted in the course and scope of said agency, service and employment at all relevant times.

### V.    FACTUAL ALLEGATIONS

1. On or about June 18, 2024, Plaintiff PAUL SONICO was informed that he had been selected for the position of Range Master with the Department. He was assigned to this role concurrently with his duties as a Patrol Officer and was entitled to an additional 2.5% in pay for the Range Master position. However, despite this entitlement, Defendant failed to provide Plaintiff with the required compensation.

2. On or about July 24, 2024, Plaintiff formally complained to Defendant regarding his unpaid wages under Article 32.3 of the Brawley Public Safety Employees' Association Memorandum of Understanding, as well as under state and federal law. In his complaint, Plaintiff specifically cited the Fair Labor Standards Act ("FLSA") violations. By raising these concerns, Plaintiff engaged in a protected activity under wage and hour laws.

3. On or about July 26, 2024, Defendant BONILLAS acknowledged the payroll violation and provided Plaintiff with the missing compensation. She also assured Plaintiff that he would receive compensation for his Range Master duties performed from June 18, 2024, through July 9, 2024.

4. However, within days of Plaintiff's complaint, on or about July 26, 2024, Defendant TANG informed the Plaintiff that he would no longer hold the Range Master position and would not receive any further compensation for the role. Subsequently, on or about July 29, 2024, Defendant BONILLAS confirmed this decision in her email.

3

COMPLAINT

5. Defendants retaliated against Plaintiff for raising concerns about unpaid wages by removing him from the Range Master position, thereby depriving him of the additional compensation he was entitled to.

6. Additionally, shortly after filing his complaint, Plaintiff received two written reprimands, on August 19, 2024, and August 26, 2024, in further retaliation for his protected activity. Prior to engaging in this protected activity, Plaintiff had never received any disciplinary actions or negative performance evaluations from Defendants or in his prior law enforcement employment. Plaintiff was performing at or above standards, and these adverse employment actions were solely in response to his protected activity.

7. Plaintiff has exhausted his administrative remedies by filing a Claim for Damages with Defendants on or about October 21, 2024. On or about February 6, 2025, the CITY's Attorney issued a formal rejection of his claim.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### *(Retaliation in Violation of FLSA (29 U.S.C. § 215(a)(3))*

8.    Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

9.    At all relevant times, Defendant was an employer covered by the FLSA, 29 U.S.C. § 201 et seq., and Plaintiff was an employee covered under the FLSA.

10. Section 215(a)(3) of the FLSA, 29 U.S.C.  prohibits retaliation against an employee because he "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

11.  Plaintiff engaged in protected activity under the FLSA by, among other things, making complaints and/or inquiries to Defendant regarding unlawful pay practices, including but not limited to unpaid wages and/or overtime in violation of the FLSA.

12. Defendants, with knowledge of Plaintiff's protected activity, took adverse employment actions against Plaintiff. Such adverse actions included, but were not limited to, removing

4

COMPLAINT

Plaintiff from an earned position, reducing wages, issuing unwarranted reprimands, and/or otherwise discriminating against or terminating Plaintiff.

13. Defendants' actions were retaliatory and directly caused by Plaintiff's good-faith opposition to and/or complaints about Defendant's wage practices that violated the FLSA.

14. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings, and job benefits; he has suffered and continues to suffer emotional distress; and he has incurred and continues to incur expenses.

15. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff. Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's rights. The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

16. Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney's fees and costs.

## SUPPLEMENTAL CLAIM

## SECOND CAUSE OF ACTION

### *(Retaliation in Violation of Labor Code §1102.5)*

17.    Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full here.

18.    In relevant part, *Labor Code* § 1102.5 provides that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or

5

COMPLAINT

noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

19. Defendant was the Plaintiff's employer.

20. As alleged above, Plaintiff reported to Defendant significant violations of state and federal law, including but not limited to miscalculation and underpayment of his wages in violation of the FLSA, to individuals with authority to investigate and correct these violations.

21. Defendants, and DOES 1 through 10, inclusive, knew of Plaintiff's activity, which is protected under California Labor Code section 1102.5.

22. After Plaintiff's protected disclosures, Defendants retaliated against him by removing him from the Range Master position and subsequently issuing two written reprimands.

23. Defendants took these adverse actions because Plaintiff engaged in conduct protected by Labor Code section 1102.5.

24. Plaintiff's whistleblowing was a contributing factor in the retaliatory treatment described herein.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has been deprived of future wages, retirement benefits, bonuses, and other compensation to which he was entitled, and has suffered significant emotional distress, including fear for his financial security, humiliation, and other harm, in an amount to be proven at trial.

26. Pursuant to California Labor Code section 1102.5 (including subdivision (j)) and any other applicable authority, Plaintiff is entitled to recover his reasonable attorney's fees and costs.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment, damages, and equitable relief on behalf of themselves, and the general public as follows for all Causes of Action:

1.    For compensatory damages in an amount yet to be ascertained;

2.    For general damages in an amount yet to be ascertained;

3.    For costs of suit in an amount yet to be ascertained;

4.    For prejudgment interest according to law in an amount yet to be ascertained;

6

5.    For attorneys' fees in an amount yet to be ascertained;

6.    For injunctive relief preventing Defendants from causing other further injuries to Plaintiff;

7.    For such other and further relief as this Court may deem proper.

Dated:  February 28, 2025

Respectfully Submitted,
FERRONE LAW GROUP

_____

Derek Thompson
Attorneys for Plaintiff,
PAUL SONICO

COMPLAINT