UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SONICO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF BRAWLEY, a public entity and/or municipal corporation; JOHN TANG, individually and as Commander; SHIRLEY BONILLAS, individually and as Human Resource Administrator; JIMMY DURAN, individually and as Chief of Police; JUAN MORALES, individually and as Commander; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.: 3:25-cv-00515-BEN-LR<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Paul Sonico brings this action for retaliation in violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3) ("FLSA") against Defendants City of Brawley, John Tang, Shirley Bonillas, Jimmy Duran and Juan Moralas (collectively, "Defendants"), and the California Labor Code § 1102.5 ("Labor Code") against the City.

Before the Court is Defendants City's and Bonillas' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion").

The Motion was submitted on the papers without oral argument pursuant to Civil

Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. After considering the papers submitted, supporting documentation, and applicable law, the Defendants' Motion is **DENIED**.

## II.   STATEMENT OF FACTS[1]

Plaintiff was employed as a police officer for the City of Brawley Police Department. Doc. No. 5 at 4, ¶ 1. Around June 18, 2024, Plaintiff was informed that he had been selected for the position of Range Master with the City. *Id*. The position was concurrent with his previous duties and included an additional 2.5% in pay. *Id*.

After accepting the position, Plaintiff did not receive the expected compensation and around July 24, 2024, Plaintiff formally complained to Defendants. *Id*. at 4, ¶ 2. The complaint concerned his unpaid wages owed under Article 32.2 of the Brawley Public Safety Employees' Association Memorandum of Understanding, as well as unpaid in violation of state and federal law. *Id*.

Days later, Plaintiff contends Defendant Bonillas acknowledged the payroll violation and provided Plaintiff with the missing compensation, as well as promising Plaintiff to pay him for duties performed from June 18 through July 9, 2024. *Id*. at 4, ¶ 3. Plaintiff alleges that after making the complaint, Defendant Tang removed Plaintiff from the Range Master position, and his removal was confirmed by Defendant Bonillas. *Id*. at 4, ¶ 4.

Plaintiff then received two written reprimands. *Id*. at 5, ¶ 6. Plaintiff alleges that prior to making the complaint, he had not received any disciplinary actions or negative performance evaluations from the City. *Id*. Sometime later, Plaintiff's wife called the police because she was locked out of her home. *Id*. at 5, ¶ 7. Plaintiff contends that Defendant Morales ordered unidentified officers to file a criminal report regarding the

---

[1]   The majority of the facts set forth are taken from the operative complaint, and for purposes of ruling on Defendants' Motion, the Court assumes the truth of the plausible allegations pled. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

above incident. *Id*.

Around March 25, 2025, Plaintiff received a negative employment evaluation. *Id*. at 5, ¶ 9. Less than a month later, Plaintiff was informed by Defendant Morales that he was terminated from his position as a police officer on authority from Defendant Duran, the Chief of Police. *Id*. at 5, ¶ 10. Plaintiff filed a claim for damages with the City. *Id*. at 5, ¶ 12. The City's Attorney rejected the claim, and Plaintiff filed a "Supplemental Government Claim for Damages" against Defendants. *Id*.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679 (holding that a claim must be plausible to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

Plaintiff sets forth one federal law claim, and one state law cause of action: (1) retaliation in violation of the Fair Labor Standards Act § 215(a)(3); and (2) retaliation in violation of the California Labor Code § 1102.5. The federal law claim is addressed first.

### A. Fair Labor Standards Act Claim

Plaintiff pleads that Defendants retaliated against him for raising concerns about unpaid wages by first removing him from the Range Master position, then issuing written reprimands, issuing negative performance reviews, and eventually terminating him, thereby depriving him of compensation. If proven, the whistleblower protection provision of the FLSA may afford Plaintiff relief. Defendants, on the other hand, contend that while Plaintiff complained about his wages, his complaint was not about receiving less than the national minimum wage and he was not complaining about receiving straight time pay

instead of overtime pay. Because these are the only two rights protected by the FLSA, the whistleblower protection provision of the FLSA does not apply, according to the Defendants.

Under the Fair Labor Standards Act § 215(a)(3), it is unlawful to discharge or discriminate against an employee because the employee has complained about violations of the FLSA. A *prima facie* case of unlawful retaliation under the FLSA requires a plaintiff to show he: (1) engaged in protected activity under the FLSA; (2) suffered from an adverse employment action; and (3) a causal link between the conduct and the adverse employment action. *Joseph v. SEIU*, 2016 U.S. Dist. LEXIS 100476, at *19-21 (N.D. Cal. Aug 1, 2016).

### 1. Protected Activity

For the purposes of retaliation claims under the FLSA § 215(a)(3), "protected activity" refers to the actions taken by employees to assert their rights under the FLSA, specifically, filing a complaint. *Lambert v. Ackerley*, 180 F.3d 997, 1007–08 (1999). The complaint must include more than vague or amorphous expressions of dissatisfaction with wages and hours. *Id.* It must be "sufficiently clear and detailed for a reasonable employer to understand it … as an assertion of rights protected by the statute." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). "This standard can be met, however, by oral complaints, as well as by written ones." *Id*.

Here, Plaintiff's complaint to the City, as alleged, was a sufficiently clear and detailed assertion of rights under the FLSA when he complained about not receiving the promised 2.5% raise in pay. Defendants argue, however, that Plaintiff does not identify in his FAC which provision "under the FLSA" Defendants violated by the alleged failure to provide a 2.5% pay premium in his FAC. Doc. No. 8 at 9, ¶ 9. As a result, they argue that Plaintiff did not make a sufficient complaint to the City and therefore, the PLSA whistleblower protections do not apply.

Defendants rely on, *Lenk v. Monolithic Power Sys.*, for support. U.S. Dist. LEXIS 142639, at *8 (N.D. Cal. Oct. 19, 2015). In *Lenk*, the court held that plaintiff was not engaged in protected activity when he complained to his employer about faulty industry

standard compliance. *Id*. The court reasoned that the purpose of the FLSA is to protect workers from "substandard wages and oppressive working hours," therefore, noncompliance with the norms of a given industry do not fall under the FLSA. *Id*. Further, the plaintiff in *Lenk* did not allege that the subject matter of his employer's violations was related to wages or hours, nor did he cite a specific section of the FLSA. *Id*.

*Lenk* is analogous in that, like industry standards, raises, are not protected under the FLSA. Still, the two differ in a key respect: raises are directly tied to wages and hours, while industry standards are not. Because raises are tied to wages and hours, they may fall within the scope of the FLSA, for example, if it affects minimum wage rights or impacts overtime wage rights. The FAC does not specify whether Defendants failure to pay Plaintiff the promised 2.5% raise affected his minimum wage rights or his overtime wage rights. However, Defendants have not cited authority supporting their contention that Plaintiff is required to identify a specific violated provision.

On the contrary, courts have broadly interpretated the FLSA retaliation statute, consistent with its remedial purpose. *Lambert*, 180 F.3d at 1004-05; *see also Rocksmore v. Hanson*, No. 3:14-CV-01114-MO, 2015 U.S. Dist. LEXIS 23778 at *19-21, 2015 WL 852938 at *7-10 (D. Or. Feb. 24, 2015) (holding that a plaintiff engages in protected activity by filing a complaint with their employer, even if the complaint does not fall within the scope of the FLSA).

The purpose of FLSA § 215(a)(3) is to protect against potential employer retaliation due to an employee reasonably believing their rights are being violated. *Id*. The FAC alleges that Plaintiff complained to his employer about his missing pay, specifically referenced the FLSA, and did so in a good-faith effort to assert his rights. Assuming for the purposes of the motion to dismiss that the allegations are true, Plaintiff has pleaded sufficient facts to make a plausible inference that his complaint fell under the FLSA. Accordingly, Plaintiff was engaged in protected activity, thus satisfying the first prong of a *prima facie* case.

//

### 2. Adverse Action

Suffering an adverse employment action is the second prong of a *prima facie* case for a retaliation claim. The second element is not in dispute between the parties.

### 3. Causation

A causal link is the third prong of a *prima facie* case for a retaliation claim. *Thomas v. City of Beaverton,* 379 F.3d 802, 812 (9th Cir. 2004). Temporal proximity between the protected activity and adverse employment action may support an inference of causation, especially when the events occur close in time. *Id.*; *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). When combined with other evidence of retaliatory motive, temporal proximity can strongly support a causal link. *Id*.

According to the FAC, Plaintiff's title of Range Master was removed two days after receiving the promotion. Doc. No. 5 at 4, ¶ 1. Within a month of being removed, Plaintiff received two reprimands. *Id*. at 5, ¶ 6. Plaintiff contends he had never received any disciplinary actions or negative performance evaluations prior to complaining. *Id*. After complaining, Plaintiff alleges he experienced additional retaliation when he was subject to unnecessary criminal reports, negative employment evaluations, and eventually his termination. *Id*. at ¶¶ 1-24. The temporal proximity of the series of events supports a plausible inference of a causal link.

Accordingly, Plaintiff has sufficiently pled a retaliation claim under the FLSA § 215(a)(3). Defendants City's and Bonillas' Motion to Dismiss the FLSA claim are **DENIED.**

### B. Labor Code

Under California Labor Code § 1102.5(b), employers are prohibited from retaliating against an employee for "disclosing information" concerning potential violations of state or federal laws. This includes complaints about unpaid wages. *People ex rel. Garcia-Brower v. Kolla's Inc.*, 14 Cal. 5th 719, 731-34, 529 P.3d 49, 59 (Cal. 2023). The state statute thus protects a broader range of activity.

The plaintiff must identify the activity and statute, rule, or law at issue, but does

"not need to prove an actual violation of law; it suffices if the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." *Nejadian v. Cnty. Of L.A.*, 40 Cal. App. 5th 703, 706 (2019); *Green v. Ralee Engineering Co.*, 19 Cal.4th 66, 87 (1998). The difference between a *prima facie* case for retaliation under the FLSA § 215(a)(3) and California Labor Code §1102.5 is that which constitutes "protected activity" for the first prong; the second and third prongs are identical.

Here, Defendants argue Plaintiff did not engage in protected activity because the FAC "does not identify any specific provision of law allegedly violated, and that is fatal to his § 1102.5 claim." Doc. No. 8, at 11, ¶¶19-21. The Court disagrees. According to the FAC, "Plaintiff reported … significant violations … including miscalculations and underpayment of wages in violation of the FLSA." Doc. 5, at 8, ¶25. The FLSA is a federal statute. Not being paid his appropriate wage provides Plaintiff with reasonable grounds to believe that Defendants violated the FLSA.

Whether Plaintiff can prove that a violation under the FLSA occurred is not decisive at the motion to dismiss stage of the proceedings. Plaintiff has plausibly alleged that his complaint to the Defendants was based on a reasonable belief that Defendants violated the FLSA, which falls under the protections of the Labor Code. Plaintiff's disclosure is analogous to the disclosure in *People ex rel. Garcia-Brower*, where the plaintiff complained to the owner of the nightclub where she worked about unpaid wages. That type of informal complaint constituted a disclosure protected by Lab. Code, § 1102.5, subd. (b).

The Court finds that Plaintiff has plausibly alleged that he was engaged in protected activity protected by the California Labor Code § 1102.5(b).

Accordingly, Defendant's Motion to Dismiss Plaintiff's Cal. Labor Code § 1102.5 claim is **DENIED**.

//
//
//

**CONCLUSION**

The Motion to Dismiss brought by the City and Bonilla is **DENIED**.

DATED:    July 1, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge