**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL SONICO, | Case No. 25-cv-00515-BAS-LR |
| Plaintiff, | |
| v. | **ORDER GRANTING PARTIES' JOINT MOTION TO SEAL (ECF No. 43)** |
| CITY OF BRAWLEY, *et al.*, | |
| Defendants. | |

Before the Court is Parties' joint motion to seal certain exhibits related to determining Defendants' motion for summary judgment ("Motion to Seal"). (ECF No. 43.) For the reasons below, the Court **GRANTS** the Motion to Seal. (*Id.*)

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the

- 1 -

public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. In other words, the presumption of public access fully applies to "dispositive pleadings," such as "motions for summary judgment and related attachments." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the Ninth Circuit has "carved out an exception to the presumption of access" to judicial records for a "*sealed discovery document* [attached] to a *non-dispositive* motion," such that "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1135).

The Ninth Circuit, thus, applies different standards for evaluating requests to seal documents accompanying dispositive motions and those accompanying non-dispositive motions. *Kamakana*, 447 F.3d at 1179. When the underlying motion is more than tangentially related to the merits (*i.e.*, a dispositive motion), the "compelling reasons" standard applies. *Id.; see also Ctr. for Auto Safety*, 809 F.3d at 1096–98. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, when the underlying document is a non-dispositive motion, the "good cause" standard applies, and a district court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 1180.

## II.    ANALYSIS

### A.    Procedural Requirements

- 2 -

The Court's Standing Order notes, "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.A ("§ 5.A"). "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal." *Id*. Then, "the designating party must file a response to the sealing motion within seven days that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public record." *Id*.

Given that the Motion to Seal is jointly filed by Parties (ECF No. 43), the Court finds Plaintiff—as the party designating the relevant documents as confidential—does not need to file a response to the Motion to Seal within seven days.

**B.      Related Documents More Than Tangentially Related to Merits**

Parties' proposed documents to seal are relevant for determining the merits of Defendants' summary judgment motion (ECF Nos. 41, 43, 44). *See Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-CV-555-L-NLS, 2018 WL 11457880, at *1 (S.D. Cal. Nov. 5, 2018) ("The compelling reasons standard applies to all motions except those that are only 'tangentially related to the merits of a case' . . . Defendants' summary judgment motion is more than tangentially related to the merits") (citing *Kamakana*, 447 F.3d at 1179).

More specifically, Parties move to file the following documents under seal:

1. Plaintiff's Personnel Action Forms (ECF No. 44 at City 49 to City 51, City 317);

2. Plaintiff's Disciplinary and Investigative Documents (ECF No. 44 at City 95 to City 103, City 146 to City 166, and City 336 to City 339);

3. Plaintiff's Internal Affairs Documents (ECF No. 44 at City 109, City 167, City 170 to City 174, and City 181 to City 191); and

25cv515

> 4. Plaintiff's Written Reprimands and Counseling Memoranda (ECF No. 44 at City 110 to City 111 and City 333 to City 334).

These documents are related to Defendants' motion for partial summary judgment (ECF No. 41) because they are related to determining the merits of Plaintiff's disputed employment retaliation claims. As such, the Court finds Plaintiff's motion to seal (ECF No. 43) is subject to the "compelling reasons" standard in *Kamakana*, 447 F.3d at 1179.

### C.    "Compelling Reasons"

Here, Parties move to seal documents accompanying the Motion to Seal on the bases that they are subject to: (1) peace officer personnel record privilege under Section 832.7 of the California Penal Code (Cal. Pen. Code § 832.7); (2) official information privilege, and/or (3) the material protected by third parties' constitutional right to privacy.

Regarding Cal. Pen. Code § 832.7, "federal courts generally should give some weight to privacy rights that are protected by state constitutions or state statutes." *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). Cal. Pen. Code § 832.7 clearly provides that California peace officer personnel records are confidential. *San Diego Police Officers Assn. v. City of San Diego Civil Service Comm.*, 104 Cal.App.4th 275, 287 (2002) ("We conclude section 832.7 provides that peace officer personnel records, as defined in section 832.8, are confidential. Thus, employing agencies may not freely disclose these records at public disciplinary appeal hearings if the affected officer asserts an objection.").

Here, the documents in ECF No. 44 are police officer personnel records and subject to privilege under Cal. Pen. Code § 832.7—since they are Plaintiff's personnel records from when Plaintiff was employed as a police officer in the City of Brawley. Additionally, they do not appear to be subject to any of the exceptions in Cal. Pen. Code § 832.7(b)(1), given that Plaintiff's claims revolve around employment retaliation (ECF No. 5 ¶¶ 13–33) and Defendants move for summary judgment against those claims (ECF No. 41). *See, e.g., Perkins v. City of Modesto*, No. 119CV00126NONEEPG, 2020 WL 6544554, at *1 (E.D. Cal. Nov. 6, 2020) (summarizing Cal. Pen. Code § 832.7(b)(1)(A)–(C)) ("[S]uch files may be disclosed if they concern an incident involving: the discharge of a firearm by a law

enforcement officer or a law enforcement's use of force which resulted in death or great bodily injury; a sustained finding of a law enforcement officer's sexual assault on a member of the public; or a sustained finding of dishonesty by a law enforcement officer."); *see also* Cal. Pen. Code § 832.7(b)(1)(D)–(F) (also permitting disclosure where any record was related to allegations of prejudice based on listed protected characteristics or to unlawful arrests/searches).

Although "a state statute, without more, does not shield disclosure in federal court or rebut the strong presumption in favor of public access to judicial records," *Garrett v. City & Cnty. of S.F.*, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987), the Court finds that the privacy protections in Cal. Pen. Code § 832.7 should be found to evince compelling reasons where Plaintiff is a former government employee asserting a non-civil rights, employment action against his former employer. *See Deocampo v. City of Vallejo*, No. CIV.S.06-1283WBS GGH, 2007 WL 1589541, at *5 (E.D. Cal. June 1, 2007) ("California statutes codifying the governmental privilege balance the need for disclosure with the government's legitimate need to acquire and maintain confidential information for sensitive activities").

In addition, the proposed sealings contain Plaintiff's and third parties' personal information (*e.g.*, social security numbers, third party names). *See Edmond Babakhanlou v. Los Angeles Cnty. et al.*, No. 2:23-CV-08682-MWC-JPR, 2026 WL 639763, at *3 (C.D. Cal. Jan. 21, 2026) (citing *Kamakana*, 447 F.3d at 1182) ("There are also compelling reasons to seal the sensitive personal information of law enforcement officers."); *see also Myles v. Cnty. of San Diego*, No. 15-CV-1985-BEN (BLM), 2017 WL 274829, at *2 (S.D. Cal. Jan. 19, 2017) (finding officer records regarding police misconduct should not be sealed where Plaintiff asserts action seeking "damages for violations of Plaintiff's constitutional rights," but nonetheless sealing officer's personal information—such as social security number—under the compelling reasons standard); *see also Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, Case No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal

25cv515

personally identifiable information of third-party individuals, including names, addresses, phone numbers, and email addresses).

Thus, for the reasons above, the Court finds Parties have demonstrated a compelling reason to grant the proposed sealings requested in their Motion to Seal. (ECF No. 43.)

## III.    CONCLUSION

Accordingly, the Court **GRANTS** Parties' Motion to Seal. (ECF No. 43.) As such, the Clerk of Court shall **ACCEPT** and **FILE UNDER SEAL** the documents in ECF No. 44.

**IT IS SO ORDERED.**

**DATED: May 28, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 6 -

25cv515